DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHETU, INC.,**
Appellant,

v.

**CA SHORT COMPANY** a/k/a **CASCO INTERNATIONAL, INC.,**
Appellee.

No. 4D2024-2977

[April 1, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 062016CA016071AXXXCE.

Gerald B. Cope, Jr. of Akerman LLP, Miami, and Joey M. Lampert and Michael A. Eger of Lampert Law Firm, Fort Lauderdale, for appellant.

Jason E. Slatkin of Lorium Law, Fort Lauderdale, and F. Douglas Banks of Banks Law, PLLC, Matthews, North Carolina, for appellee.

SHERMAN, JAMES, Associate Judge.

Chetu, Inc. ("Chetu") appeals from a final judgment rejecting its claims for breach of contract and unjust enrichment and entering judgment in favor of CA Short Company ("CA Short") on CA Short's counterclaims. We affirm without comment the trial court's ruling on all issues but one: the improper award of consequential damages, which the contract expressly barred.

**Facts**

Chetu and CA Short entered into a contract by which Chetu would provide "software maintenance and development services" to upgrade CA Short's business platform. The contract allowed either party to terminate the Agreement for any reason with two weeks' notice. The contract also contained a section titled "Limitation of Liability" which restricted the damages recoverable in the event of breach:

Under no circumstances, including negligence, will either

party, be liable to the other party or any other party for any incidental, special, indirect, reliance, punitive or consequential damages, including lost data, lost revenue, or lost profits, arising out of or relating to the software, developed or maintained as part of this agreement, or the services, even if such other party has been advised of the possibility of such damages.

CA Short paid two deposits totaling $16,192.00 to commence work under two work orders, and regularly paid invoices when received. Several months into the contract—and concerned about the lack of functionality—CA Short's director emailed Chetu asking to discuss bugs in the platform. The director then followed up with an email advising Chetu that CA Short would be withholding payment on the May invoice for $24,771.00 until the parties could discuss resolution of its concerns. The dispute escalated remarkably quickly, with Chetu responding that if the invoice was not paid by the close of business that day, it would terminate the project and reassign the project team to other tasks. True to its word, Chetu did just that.

Approximately two weeks later, Chetu sent a final invoice reflecting work performed from the time of the May invoice up to the termination date. The final invoice contained $15,387.00 in new charges which were zeroed out by applying a portion of the funds held for the initial deposits. The remaining amount was applied against the May invoice, leaving an unpaid balance. After Chetu ceased performance under the contract, CA Short was forced to complete the migration project using a combination of its own in-house programmers and outside contractors to which it paid $95,505.42.

Chetu sued CA Short for breach of contract and unjust enrichment. CA Short countersued for breach of contract, breach of warranty, and unjust enrichment. Following a three-day nonjury trial, the trial court found in CA Short's favor on all claims and defenses and entered judgment in its favor for $111,697.42, consisting of the $16,192.00 improperly retained by Chetu and $95,505.42 for the cost to complete the project using outside contractors. Chetu's timely appeal ensued.

## Analysis

"Contracts are voluntary undertakings, and contracting parties are free to bargain for—and specify—the terms and conditions of their agreement." *Lugassy v. Lugassy*, 298 So. 3d 657, 659 (Fla. 4th DCA 2020) (quoting *Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 993

(Fla. 4th DCA 2014)).  This includes the right to limit in advance the damages recoverable in the event of a breach.  *See Ament v. One Las Olas, Ltd.*, 898 So. 2d 147, 151 (Fla. 4th DCA 2005) ("Parties may contractually limit damages for breach."); *CF Dominicana Cigars, Inc. v. Am. Airlines, Inc.*, 388 So. 3d 9, 11 (Fla. 4th DCA 2024) (upholding enforcement of contractual limitation of liability provision that precluded recovery of consequential damages).

Here, the parties agreed that "[u]nder no circumstances" could either party recover "any incidental, special, indirect, reliance, punitive or consequential damages."  CA Short does not dispute that the cost to complete the work which Chetu had failed to perform constitutes consequential damages,[1] but instead contends that the waiver was insufficiently conspicuous to place CA Short on notice.  We disagree.

This court addressed a similar limitation provision in *CF Dominicana Cigars, Inc.*  There, an airline passenger had purchased a ticket to travel, thereby assenting to the carriage conditions.  388 So. 3d at 10.  The conditions included a bolded heading titled "Limit of liability" which, similar in scope to the limitation of liability at issue in this case, prohibited recovery of "special, consequential, indirect or incidental damages" arising from the agreement.  *Id.* at 11.[2]  This court held that the passenger had waived his right to recover business losses as consequential damages on the principle that "[o]ne should not be permitted to avoid the consequences of a contract freely entered into simply because . . . the bargain turns out to be disadvantageous."  *Id.* (quoting *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 288 (Fla. 1st DCA 2003)).

Here, the contract is a mere five pages, entered into by two sophisticated parties.  The waiver of consequential damages is part of an unambiguous, stand-alone provision following the underlined heading Limitation of Liability.  Under these facts, we have no difficulty concluding that the express limitation was sufficiently conspicuous to render CA Short's acceptance of the contract to be a knowing waiver of consequential damages.  *See CF Dominicana Cigars*, 388 So. 3d at 11 (finding similar limitation language as being "express[], plain[], and conspicuous[]").

---

[1] Given this apparent stipulation, we need not consider whether these are, in fact, consequential damages.

[2] The carriage conditions contained a second limitation of liability, but nothing in the opinion indicates that the first limitation would not have been effective, standing alone.

Accordingly, we reverse the portion of the final judgment awarding CA Short consequential damages, and remand with instructions to reduce the final judgment by $95,505.42.

*Affirmed in part, reversed in part, and remanded with instructions.*

KUNTZ, C.J., and MAY, J., concur.

\*          \*          \*

***Not final until disposition of timely-filed motion for rehearing.***